UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALL PARTY PARLIAMENTARY GROUP ON
EXTRAORDINARY RENDITION, *et al.*,

              Plaintiffs,

      - v. -

U.S. DEPARTMENT OF DEFENSE, *et al.*,

              Defendants.

Case No. 1:09-cv-02375 (PLF)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR STATUS CONFERENCE AND
TO COMPEL DEFENDANTS' PRODUCTION OF *VAUGHN* INDICES**

Jonathan L. Abram (D.C. Bar No. 389896)
Audrey E. Moog (D.C. Bar No. 468600)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004

Joe Cyr*
Derek J. Craig*
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
*Admitted pro hac vice*

## **TABLE OF CONTENTS**

Page

**TABLE OF CONTENTS** ....................................................................................................... i

**TABLE OF AUTHORITIES** ................................................................................................. ii

**BACKGROUND** ..................................................................................................................... 1

**REASONS FOR THIS MOTION** ......................................................................................... 2

**I.    PLAINTIFFS' REQUEST FOR STATUS CONFERENCE** ......................................... 5

**II.   PLAINTIFFS' REQUEST FOR PRODUCTION OF *VAUGHN* INDICES** ................ 5

    **A.**    *Vaughn Indices Are Critical to the Resolution of FOIA Cases* ............................. 6

    **B.**    *In Response to Plaintiffs' FOIA Requests, Various Defendants Withheld Responsive Records but Have Not Provided Vaughn Indices to Support Their Withholdings* ........................................................................................................ 7

    **C.**    *Department of Justice INTERPOL-US National Central Bureau, Department of Justice National Security Division, Department of Justice Office of Legal Counsel, Department of Justice Office of Information Policy, and Department of Homeland Security Office of the Inspector General Must Produce Vaughn Indices to Support Their Withholding of Records and Advance This Case* ......... 8

**CONCLUSION** ....................................................................................................................... 9

\\NY - 090334/000919 - 2439496 v1

# **TABLE OF AUTHORITIES**

Cases

*Campaign for Responsible Transplantation v. FDA,*
    219 F. Supp. 2d 106 (D.D.C. 2002) ................................................................. 3, 7, 9

*Defenders of Wildlife v. U.S. Border Patrol,*
    623 F. Supp. 2d 83 (D.D.C. 2009) ............................................................................ 6

*Judicial Watch, Inc. v. FDA,*
    449 F.3d 141 (D.C. Cir. 2006) ................................................................................... 6

*\*King v. DOJ,*
    830 F.2d 210 (D.C. Cir. 1987) ............................................................................ 6, 8-9

*Nat. Res. Def. Council, Inc. v. NRC,*
    216 F.3d 1180 (D.C. Cir. 2000) ................................................................................. 6

*Peter S. Herrick's Customs & Int'l Trade Newsletter v. U.S. Customs & Border Prot.,*
    No. 04-00377, 2005 WL 3274073 (D.D.C. Sep. 22, 2005) ....................................... 7

*\*Vaughn v. Rosen,*
    484 F.2d 820 (D.C. Cir. 1973) ................................................................................... 3

Statute

*5 U.S.C. § 552 (2009) ....................................................................................................... 1, 6

In this action under the Freedom of Information Act, 5 U.S.C. § 552 (2009) et seq. (the "FOIA"), Plaintiffs All Party Parliamentary Group on Extraordinary Rendition (the "APPG"), Andrew Tyrie MP, and Joe Cyr, through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion for: (1) a status conference to help resolve an impasse that has arisen between the parties as to their implementation of the parties' Joint Report filed on May 22, 2012; and (2) an order compelling certain Defendants to file *Vaughn* indices. For the reasons set forth below, Plaintiffs' motion should be granted.

Counsel for Plaintiffs conferred with counsel for Defendants concerning this motion. Defendants have reserved decision as to whether they will oppose this motion.

## BACKGROUND

In November 2008, Plaintiffs submitted FOIA requests to Defendants Central Intelligence Agency, Department of Homeland Security, Department of Justice, Department of State, Department of Defense, and their respective components. (Docket No. 1, Exs. A-E.) Plaintiffs' FOIA requests seek the disclosure of agency records concerning the United States' extraordinary rendition, secret detention, and coercive interrogation of individuals suspected of being terrorists or having ties to terrorists, and the circumstances and extent of participation in these activities by the United Kingdom and other governments.

A number of Defendants refused to respond to Plaintiffs' FOIA requests, and a number of other Defendants failed to adequately respond. On December 16, 2009, Plaintiffs filed the Complaint in this action (Docket No. 1), seeking injunctive, declaratory, and other appropriate relief under the FOIA.

On February 26, 2010, those Defendants that are members of the United States intelligence community (the "IC Defendants") filed a partial motion to dismiss Plaintiffs'

Complaint. The IC Defendants argued that Plaintiffs are representatives or subdivisions of a foreign government and, on that alleged basis, an exception to the FOIA, found at 5 U.S.C.A. § 552(a)(3)(E) (the "Foreign Government Exception"), bars the IC Defendants from disclosing records to Plaintiffs. (Docket No. 10.) On April 2, 2012, the Court granted Defendants' partial motion to dismiss and thereby dismissed from this lawsuit the IC Defendants. Those Defendants that are not members of the United States intelligence community (the "Non-IC Defendants") have not been dismissed.[1]

On April 30, 2012, Plaintiffs moved for leave to take an immediate appeal from the Court's Order of April 2, 2012 (Docket No. 35). Defendants filed opposition papers on May 17, 2012 (Docket No. 38). This Court has not yet ruled upon Plaintiffs' motion for leave to appeal.

## REASONS FOR THIS MOTION

On April 25, 2012, Judge Friedman ordered the parties to confer and file a joint status report "regarding how they wish to proceed in this case." (Docket No. 34.) The parties' counsel conferred and filed a Joint Report (the "Joint Report") (Docket No. 39) on May 22, 2012. The Joint Report sets forth, in detail, the parties' agreement on matters that remain to be adjudicated by the Court and reasonable procedures and deadlines to be followed by the parties. Both sides made significant compromises in a joint effort to formulate the Joint Report. But soon after the Joint Report was filed, Defendants changed position and made clear that they would not abide by the agreements set forth in the Joint Report. Plaintiffs now seek a status conference to discuss with the Court, and resolve, this impasse. Plaintiffs also respectfully request this Court to order

---

[1]   Complete lists of the Defendants that are members of the intelligence community (and have been dismissed) and of the Defendants that are not members of the intelligence community (and have not been dismissed) are contained in Paragraphs 2 and 3 of the Joint Report submitted by the parties on May 22, 2012 (Docket No. 39).

certain Defendants to provide *Vaughn* indices,[2] so that Plaintiffs (and the Court) can evaluate the propriety of Defendants' withholding of records, and this case can proceed to the summary judgment stage.

In the Joint Report, the parties agreed (and represented to the Court) that:

- The parties had "agreed upon a procedure and parameters for records searches to be conducted by the Department of State"; the Department of State had "been proceeding with the agreed-upon searches"; and the Department of State expected to "issue its final release determination within the next several months." (Docket No. 39 ¶¶ 8-9.)

- The parties were "close to finalizing an agreement on the procedure and parameters for records searches to be conducted by the Department of Defense"; the parties expected to finalize such an agreement by mid-June 2012; and the Department of Defense would proceed with searches once the agreement had been finalized. (Docket No. 39 ¶¶ 11-12.)

- The parties had "agreed upon procedures and parameters for records searches to be conducted by the Department of Justice's Civil Division and Office of the Solicitor General"; these components had "conducted partial searches"; and these components expected "to respond to Plaintiffs' request within the next several weeks." (Docket No. 39 ¶16.)[3]

- Plaintiffs would review various Defendants' release determinations, disclosures, and stated withholdings and would then decide whether to request Defendants to provide *Vaughn* indices. (Docket No. 39 ¶¶ 10, 13, 15, 16-20.)

Defendants asserted in the Joint Report (and Plaintiffs contested) that further proceedings in this case should be stayed if and when the Court grants Plaintiffs' motion for leave to appeal the Court's April 2, 2012 Order (which dismissed the IC Defendants). (Docket No. 39 ¶ 6.) Presumably, the Court will make a ruling on Defendants' request for a stay at the same time the

---

[2] As explained below, a *Vaughn* index "is an affidavit that specifically describes withheld or redacted documents and justifies why each withheld record is exempt from disclosure." *Campaign for Responsible Transplantation v. FDA*, 219 F. Supp. 2d 106, 108 n.2 (D.D.C. 2002). *See Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973). *Vaughn* indices are extremely common and useful in resolving FOIA cases.

[3] Defendants have requested Plaintiffs to consider voluntarily dismissing the Department of Justice Office of the Solicitor General. Plaintiffs are considering this request and expect to respond to Defendants shortly.

3

Court rules upon Plaintiffs' motion for leave to appeal. Nevertheless, in the Joint Report, and in Defendants' opposition to Plaintiffs' motion for leave to appeal, Defendants did <u>not</u> take the position or request that their duty to respond to Plaintiffs' FOIA requests should be deferred while the Court is considering Plaintiffs' motion for leave to appeal. To the contrary, in the Joint Report, the parties laid out, for themselves and for the Court, a schedule for the Defendants' continued processing of Plaintiffs' FOIA requests, and for continued cooperation between the parties to resolve this case as expeditiously and efficiently as possible.

On July 12, 2012, Plaintiffs' counsel wrote to Defendants' counsel to finalize the scope and parameters for the Department of Defense's searches in response to Plaintiffs' FOIA requests. The parties' negotiations on this subject have been ongoing since September 2011, and counsel had already made significant progress towards an agreement. On July 23, 2012, for the first time, Defendants' counsel advised Plaintiffs that Defendants "believe[d] it would be best to cease searching for and processing records until after the plaintiffs' motion for immediate appeal is resolved" and that Defendants had stopped "all processing of potential disclosures to the plaintiffs in response to the FOIA requests in this case …." (Email from Simpson to Craig and Moog dated July 23, 2012, attached hereto as **Exhibit A**, at 3.)

In response, Plaintiffs' counsel advised Defendants' counsel that Defendants' position contravened the Joint Report, that Plaintiffs' appeal has not been authorized, and that the Court has not granted any stay. Thus, "there is no justification for the remaining (non-Intelligence Community) Defendants to stop searching for and processing potential disclosures" or, for that matter, to stop cooperating with Plaintiffs in an effort to advance this case. (*See* email from Craig to Simpson dated August 7, 2012, **Exhibit A**, at 2.) Defendants' counsel subsequently presented a "compromise" whereby the Department of State would continue processing

4

Plaintiffs' requests, but all other Defendants would cease work on Plaintiffs' requests until the Court decided Plaintiffs' motion. (*See* Email from Simpson to Craig dated August 15, 2012, **Exhibit A**, at 1-2.) During a subsequent conference call, Plaintiffs' counsel rejected Defendants' proposal as unsatisfactory and contrary to the parties' representations in the Joint Report. Defendants' counsel agreed to consult his clients, but Defendants have not changed their position. (*See* Email from Simpson to Craig dated September 7, 2012, **Exhibit A**, at 1.) Thus, the parties are at an impasse with respect to how this case should proceed, and Plaintiffs respectfully seek the Court's intervention.

## I.  PLAINTIFFS' REQUEST FOR STATUS CONFERENCE

Plaintiffs respectfully request that a status conference be held, at the earliest practicable date, to resolve the impasse between the parties regarding whether Defendants should continue, while Plaintiffs' motion for an immediate appeal is pending, to process Plaintiffs' FOIA requests, search for records, and cooperate with Plaintiffs to establish parameters for the Department of Defense's records searches.

Plaintiffs understand the Court's busy schedule and respect the Court's diligence and commitment to justice. Plaintiffs therefore request a hearing of only one-half hour in duration.

## II.  PLAINTIFFS' REQUEST FOR PRODUCTION OF *VAUGHN* INDICES

Nearly four years have passed since Plaintiffs first submitted their FOIA requests, and more than two-and-a-half years have passed since Plaintiffs filed this lawsuit, but Defendants have not provided any *Vaughn* indices to support their withholding of responsive records from Plaintiffs. Plaintiffs respectfully request the Court to order certain Defendants (as detailed

below) to provide *Vaughn* indices promptly, so that this litigation may proceed in an expeditious and meaningful way.

      **A.**     ***Vaughn* Indices Are Critical to the Resolution of FOIA Cases**

In FOIA cases, defendant agencies bear the burden of showing that withheld records are exempt from disclosure. *See* 5 U.S.C. § 552(a)(4)(B); *Nat. Res. Def. Council, Inc. v. NRC*, 216 F.3d 1180, 1190 (D.C. Cir. 2000) (explaining that the "FOIA itself places the burden on the agency to sustain the lawfulness of specific withholdings in litigation"). This Court has confirmed that "[u]nder the FOIA, an agency may withhold documents responsive to a FOIA request only if the responsive documents fall within one of nine enumerated statutory exemptions." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 88 (D.D.C. 2009) (holding that defendant agencies' *Vaughn* index and accompanying declarations were legally insufficient for the Court to determine whether defendants had met their FOIA obligations).

In order to demonstrate that documents have been properly withheld, an agency "must provide a detailed description of the information withheld through the submission of a so-called '*Vaughn* Index,' sufficiently detailed affidavits or declarations, or both," which lay out a "'relatively detailed justification, specifically identif[y] the reasons why a particular exemption is relevant and correlate[e] those claims with the particular part of a withheld document to which they apply.'" *Id.* (quoting *Judicial Watch, Inc. v. FDA*, 449 F. 3d 141, 146 (D.C. Cir. 2006)). A *Vaughn* index enables the district court "to make a rational decision whether the withheld material must be produced without actually viewing the documents themselves … [and] to produce a record that will render the District Court's decision capable of meaningful review on appeal." *King v. DOJ*, 830 F.2d 210, 219 (D.C. Cir. 1987) (internal quotation marks and citation omitted).

In short, *Vaughn* indices (or the equivalent) are essential for a plaintiff to test a defendant agency's assertion of FOIA exemptions and to permit the adversarial system to work. *See Peter S. Herrick's Customs & Int'l Trade Newsletter v. U.S. Customs & Border Prot.*, No. 04-00377, 2005 WL 3274073, at *2 (D.D.C. Sep. 22, 2005) ("The purpose of the *Vaughn* index is to provide fertile ground upon which to germinate the seeds of adversarial challenge."); *Campaign for Responsible Transplantation v. FDA*, 219 F. Supp. 2d 106, 116 (D.D.C. 2002) ("Without a proper *Vaughn* index, a requester cannot argue effectively for disclosure and [the] court cannot rule effectively.").

> B.  *In Response to Plaintiffs' FOIA Requests, Various Defendants Withheld Responsive Records but Have Not Provided Vaughn Indices to Support Their Withholdings*

In response to Plaintiffs' FOIA requests, certain Defendants have withheld responsive records, in whole or in part, on the basis of various FOIA exemptions but have not provided *Vaughn* indices. At this stage of the case, Plaintiffs seek *Vaughn* indices from the following Defendants:

- **Department of Justice INTERPOL-US National Central Bureau (USNCB)**
  According to a letter sent by Defendants' counsel to Plaintiffs dated March 15, 2011, USNCB has withheld 35 pages of records in full and released 12 pages with redactions.

- **Department of Justice National Security Division (NSD)**
  According to a letter from NSD dated February 24, 2010, NSD has identified and withheld an unspecified number of records that are responsive to items 41-43 of Plaintiffs' FOIA requests. Defendants' counsel has represented that NSD intends to move for summary judgment on the alleged grounds that the withheld records are exempt from disclosure under FOIA Exemption 7(A) (for information compiled for law enforcement purposes, to the extent that disclosure could reasonably be expected to interfere with enforcement proceedings).

- **Department of Justice Office of Legal Counsel (OLC)**
  Pursuant to a letter from OLC dated May 25, 2011, OLC has released one responsive record (with redactions) and withheld 14 records in full.

- **Department of Justice Office of Information Policy (OIP)**
  Pursuant to correspondence from OIP dated December 2, 2010 and March 25, 2011, OIP

7

has released one responsive record in full and referred 55 pages of records to other agencies. It is not clear whether the Office of Information Policy has withheld other responsive records or whether the records that OIP referred to other agencies have since been returned to OIP for processing.

- **Department of Homeland Security Office of the Inspector General (OIG)**
  Pursuant to correspondence dated June 18, 2009, September 16, 2009, October 16, 2009, January 21, 2010, and March 11, 2010, OIG released approximately 140 pages of records with redactions, withheld in full more than 1,000 pages, and referred more than 200 pages to other components or agencies.

The above-mentioned Defendants must substantiate the propriety of their withholdings with proper *Vaughn* indices and/or supporting affidavits. At present, Plaintiffs do not seek *Vaughn* indices from Defendants that have not yet completed records searches and/or have not yet provided release determinations.[4]

    **C.**    *Department of Justice INTERPOL-US National Central Bureau, Department of Justice National Security Division, Department of Justice Office of Legal Counsel, Department of Justice Office of Information Policy, and Department of Homeland Security Office of the Inspector General Must Produce Vaughn Indices to Support Their Withholding of Records and Advance This Case*

Unless and until Defendants provide the requested *Vaughn* indices, neither Plaintiffs nor the Court can proceed in a meaningful way to resolve this case. Without *Vaughn* indices, neither Plaintiffs nor the Court can test the basis for Defendants' withholdings, and Defendants cannot support any alleged entitlement to summary judgment.

Defendants' *Vaughn* indices must "describe *each* document or portion thereof withheld, and for *each* withholding … the consequences of disclosing the sought-after information." *King*, 830 F.2d at 223-24. They must contain "relatively detailed justification[s], specifically identifying the reasons why a particular exemption is relevant and correlating those claims with

---

[4]     Plaintiffs reserve all rights to seek, at the appropriate time, *Vaughn* indices from such Defendants, including, but not limited to, the Departments of State and Defense (including their respective components), the Department of Justice Civil Division, and the Department of Justice Office of the Solicitor General.

\\NY - 090334/000919 - 2439496 v1

the particular part of a withheld document to which they apply." *Id*. at 224 (internal quotations and citations omitted). Defendants' *Vaughn* indices "should also note if the agency has segregated any discloseable information from each withheld document." *Campaign for Responsible Transplantation*, 219 F. Supp. 2d at 112.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and: (1) schedule a status conference at the earliest practicable time; and (2) order the Department of Justice INTERPOL-US National Central Bureau, Department of Justice National Security Division, Department of Justice Office of Legal Counsel, Department of Justice Office of Information Policy, and Department of Homeland Security Office of the Inspector General, to file *Vaughn* indices promptly.

Dated: September 21, 2012

                                                                                     Respectfully submitted,

                                                                                     /s/ Audrey E. Moog
                                                                                  Jonathan L. Abram (D.C. Bar No. 389896)
                                                                                  Audrey E. Moog (D.C. Bar No. 468600)
                                                                                  HOGAN LOVELLS US LLP
                                                                                  555 Thirteenth Street, NW
                                                                                  Washington, DC 20004
                                                                                  Phone: (202) 637-5600
                                                                                  Fax: (202) 637-5910

\\NY - 090334/000919 - 2439496 v1

Joe Cyr*
Derek J. Craig*
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Phone: (212) 918-3000
Fax: (212) 918-3100
*Admitted pro hac vice

*Attorneys for Plaintiffs All Party Parliamentary Group on Extraordinary Rendition, Andrew Tyrie MP, and Joe Cyr*